IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-14-94-15 |
| | § | |
| | § | CIVIL ACTION NO. H-18-4778 |
| RAFAEL RAMON RODRIGUEZ | § | |

# **MEMORANDUM AND ORDER**

Rafael Ramon Rodriguez pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(c). This court sentenced him to a 168 month prison term and three years of supervised release. *See* Judgment (Docket No. 649). Rodriguez has moved to vacate, set aside, or correct his sentence, (Docket No. 679), and the government has moved for summary judgment, (Docket No. 685). Based on Rodriguez's motion, the government's motion, all the arguments and authorities the parties submitted, the record, and the governing law, the government's motion is granted, and Rodriguez's motion is denied.

**I.    The Legal Standards**

   **A.    Section 2255**

Title 28 U.S.C. § 2255 provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To prevail, Rodriguez must demonstrate that: (1) His sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack. *See United States v. Seyfert*, 67 F.3d 544,546 (5th Cir. 1995).

B.  **Summary Judgment**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue in dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

II.  **Analysis**

Rodriguez alleges that his guilty plea was not knowing and voluntary because his counsel told him that a codefendant, Guadalupe Herrera, had died. Rodriguez contends that had he known Herrera was in fact still alive, he would have sought a more favorable plea agreement by offering information against Herrera.

To prevail on his claim for ineffective assistance of counsel, Rodriguez

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of the *Strickland* test requires a showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms in the totality of the

circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689. In assessing prejudice, "*Strickland* asks whether it is reasonably likely the result would have been different," if not for counsel's deficient performance. *Harrington v. Richter*, 562 U.S. 86, 111 (2011)(internal quotation marks omitted).

The record shows that Herrera died on July 5, 2016. (Docket Entry No. 611). The government stated this fact in open court at Rodriguez's rearraignment on September 13, 2016, (Docket Entry No. 665 at 25-26), the same proceeding in which Rodriguez entered his guilty plea, (*id.* at 4-30). The undisputed record evidence establishes that Herrera died more than two months before Rodriguez pleaded guilty, which undermines Rodriguez's claim that his counsel was ineffective by providing inaccurate information. Rodriguez identifies no other instance of allegedly deficient performance. Rodriguez cannot show ineffective assistance of counsel in connection with his guilty plea or that his plea was based on inaccurate information. The guilty plea was knowing and voluntary as a matter of law, and Rodriguez is not entitled to relief.

### III.    Conclusion and Denial of Certificate Of Appealability

Rodriguez has not requested a certificate of appealability, but a Court may determine whether a petitioner is entitled to this relief. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). A petitioner may obtain a certificate either from the district court or an appellate court, but an appellate court will not consider a request until the district court has denied it. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This court has carefully reviewed the record and found that Rodriguez voluntarily, knowingly, and intelligently pleaded guilty, and failed to demonstrate any ineffective assistance of counsel affecting the validity of that plea. Rodriguez has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Rodriguez is not entitled to a certificate of appealability. Final judgment in the civil case, 4:18-cv-4778, is entered by separate order.

The government's motion for summary judgment, (Docket No. 685), is **granted**; Rafael Ramon Rodriguez's motion to vacate, set aside, or correct sentence, (Docket No. 679), is **denied**; and no certificate of appealability is issued.

SIGNED on June 18, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge